## VALERI v. LOWE et al.

District Court, S. D. New York.

Dec. 14, 1938.

Murray Weiss, of New York City, for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for defendant Lowe.

W. Dale Williams, of New York City, for defendant United Fruit Co.

PATTERSON, District Judge.

The plaintiff, a claimant for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 et seq., brought suit to review an order by a deputy commissioner to the

effect that the disability of the claimant had terminated. The defendants are the deputy commissioner and the employer. The suit is one of those authorized by section 21 of the Act, 33 U.S.C.A. § 921.

The claimant fell on March 6, 1931, while carrying cargo from a ship. In falling he received a sharp blow in the region of the fifth lumbar vertebra. The employer paid compensation for temporary total disability down to September 24, 1931. It then suspended payments, claiming that there had been complete recovery. After hearings and testimony the deputy commissioner made an order, October 31, 1932, finding that while there had been no fracture as a result of the fall, the claimant had suffered injury to the soft tissue in the region of the fifth lumbar vertebra, that he was still suffering pain and that the case was one of partial disability with 50 percent loss in earning capacity from September 24, 1931. The order directed payment of compensation for partial disability at the rate of $10 a week until such disability should terminate. The employer, having made the required payments down to April 22, 1937, then took the position that the claimant had made complete recovery and suspended further payments. The case came again before the deputy commissioner, who took testimony at a hearing and made an order on June 1, 1937. This is the order complained of. By this order the deputy commission found that the claimant had been totally disabled from March 6, 1931 to September 24, 1931, that he had been partially disabled from September 24, 1931 to June 1, 1937, and that on June 1, 1937 he had fully recovered from the effects of the injury. He ordered the employer to pay a small balance due for the period prior to June 1, 1937 and marked the case closed. The claimant contends that the case should have been continued on the partial disability basis.

 The question is whether the claimant was disabled to any extent on June 1, 1937. That is a question of fact, and on questions of fact the findings of the deputy commissioner, when supported by evidence, are final. Crowell v. Benson, 285 U.S. 22, 46, 52 S.Ct. 285, 76 L.Ed. 598; Voehl v. Indemnity Ins. Co., 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245. There was evidence before the commissioner that the claimant was not disabled on June 1, 1937. Three doctors, thoroughly qualified in orthopedic and traumatic surgery, testified that from their examinations of him they were of opinion that there was no disability, that his complaints of continued pain were not borne out by the examinations which they made. The finding of the deputy commissioner, based on such evidence, cannot be disturbed on review.

The claimant urges that the 1932 order establishes, firmly and finally, that he was partially disabled at that time, and that the testimony at the 1937 hearing fails to show that his condition had improved. The deputy commissioner had power to change the findings in the 1932 order if convinced of mistake in determination of fact. That power is conferred on him by express provision in section 22 of the Act, 33 U.S.C.A. § 922. But the fact is that he did not change the earlier findings, nor did he depart from the 1932 order to any extent. He made findings that the claimant was totally disabled in 1931 and partially disabled in 1932. From the evidence before him he was warranted in finding that the disability had ceased in 1937. One of the three doctors testified that while he deemed the claimant disabled in 1931 and 1935, he was no longer disabled in 1937. The deputy commissioner might give controlling weight to such testimony. His action was proper under section 22 of the Act, which empowers a deputy commissioner on notice and hearing to review a compensation case on the ground of a change in conditions and to issue a new order terminating, continuing, reinstating, increasing or decreasing compensation.

No error has been shown. The bill will be dismissed.